IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

Inmate Identification Number: #193198A

Mr. Ashley Doral Parker

(Enter above the full name(s) of the plaintiff(s) in this action)

vs.

Chief Gary Cone of St. Clair Co. Sheriff's Office Department. 18 6th Street. Ashville, Ala. 35953

Terry Marcum (Mr.) - Chief Jail Administrator of St. Clair Co. Jail. 18 6th St. Suite #300. Ashville, Alabama. 35953

(Enter above full name(s) of the defendant(s) in this action)

CV-08-PWG-0795-M

I.  Previous lawsuits

   A.  Have you begun other lawsuits in state or federal court(s) dealing with the same facts involved in this action or otherwise relating to your imprisonment?
       Yes ( X )     No ( )

   B.  If your answer to (A) is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the same outline.)

       1. Parties to this previous lawsuit:

          Plaintiff(s):  Mr. Ashley Doral Parker  v.
          Suite ①
          Defendant(s): Smith, et al.,
          Suite ②       Truett, et al.,

2. Court (if Federal Court, name the district; if State Court, name the county)

In United States District Court For The Northern District

3. Docket number CV-08-BE-0756-M (And) CV-08-PWG-0765-M ①②

4. Name of judge to whom case was assigned   Pending Conscent

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)

Still Pending

6. Approximate date of filing lawsuit   April 29, 2008

7. Approximate date of disposition   April 08, 2008 ① / And Sept 1998 ②

II. Place of present confinement   St. Clair County Jail

A. Is there a prisoner grievance procedure in this institution?
Yes ( )   No ( X )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes ( X )   No ( )

C. If your answer is YES:

1. What steps did you take? I drafted my own grievance and foward it to all defendants except D.A. and Ala. State Attorney General.

2. What was the result? Nothing happend whatsoever, except a verbal acknowledgement from chief Jailer, arresting officer and sentencing Judge.

D. If your answer is NO, explain why not?

2

I. Parties

In item (A) below, place your name(s) in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A.  Name of plaintiff(s)  Mr. Ashley Doral Parker #193118
    Cell #A09

    Address  98 6th Street Suite #300
    Ashville, Alabama. 35953

In item (B) below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item (C) for the names, positions, and places of employment of any additional defendants.

B.  Defendant  Troy KING
    is employed as  ATTORNEY GENERAL OF ALABAMA STATE
    at  303 State House, 11 South Union Street, Montgomery, Ala. 36130

C.  Additional Defendants  Richard Minor
    DISTRICT ATTORNEY OF ST. CLAIR
    County. 100 6th Avenue, Suite #700
    Ashville, Alabama. 35953

V. Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.

On March 02, 2006 my Labor Employer picked me up and hired me to go to a job with him the following day, upon taking shelter in a hotel. On the way to Gasden Ala. From B'Ham Ala., my co-defendants vehicle was pulled over on the side of the Interstate just after placing the gear-shaft in drive and attempting to exit the rest stop open to the →3 Public.

My co-defendant was ordered to turn his engine off and throw his keys out of the window. He was ordered to step out of the car with his hands in the air, I was ordered to do the same. I stood at a (90°) degree angle stance and folded my hands behind my neck. I slowly twisted my Military and or U.S. Army photo identification around off my shoulders and down accross my heart. As SGT. MAT CONE got into voice distance with his gradual approach, I did state; U.S. Army! — Enlisted! SGT. MAT CONE patted around my chest and arm cavity. He felt the identification and did match my identification to the face in the U.S. Army identification card.

I was immediately seperated from my co-defendant and ask immediate questions about drugs being in the car, what was my buisness with him, where were we coming from, and where were we headed. I identified myself by rank, M.O.S. and unit, and as also a full-time student at Lawson State Community College in Wenonah of Birmingham Alabama. I was able to also submitt my college photo identification card. I informed all officers present, that I did not really know the guy. I've seen him on the Southside of Birmingham once before. I informed them that I had a wife and three (3) children to support, and that my co-defendant chose to hire me to help with some Timber-Clearance in Gasden. Also I stated that As far as I know, there are no drugs in the car and that I have no-such dealings, I informed

(3-A)

all officers that to the best of my knowledge the vehicle was clean. I was asked about two previouse stops we made for food, gas, and cigarette's of which I also purchased a cigar. I informed the officers of the St. Clair County Sheriff's Office Department and officers of the Ashville City police Department that if they wanted anything to confirm my identification that they could contact my commandant. I gave his contact and was seated in the rear seat of SGT. Mat. Cone where the same questions were asked me once-more for the record. I did re-answere them the exact same with all truth. The whole time of questioning, I never seen my co-defendant until we reached the St. Clair County Jail in Ashville Alabama.

At such of being seated at the St. Clair County Jail, SGT. Mat Cone walked over to me and told me that we needed to get our stories straight before we go to court, and that he wished me the best. I looked at SGT. Mat Cone kind of ackward because I was quickly alarmed and at the same time I did not understand what he meant, until I realized that I was not about to be loosed from their custody. I turned around to look at my co-defendant but he was being escorted around the corner and down the hall to the restroom. Sir SGT. Mat Cone informed me that if I'm telling the truth then I could get everything squared away. All of the officers left the St. Clair Co. Jail at that point.

(3-B)

while waiting to be booked into the St. Clair County Jail, my co-defendant admitted the truth to a correctional employee at the St. Clair County Jail. Her name at such time was Ms. Whatley. My co-defendant admitted to Ms. Whatley that I, Ashley Doral Parker, was picked up by him on the South-side of Birmingham and hired to come do some work with him because I needed some extra finances for school. My co-defendant informed Sheriff Correctioner Whatley that we did not know one another, and that what has happend had nothing to do with me whatsoever.

Ms. Whatley acknowledged the confession, but told my co-defendant that when he goes before the Judge that he needed to let the Judge know that very same thing.

I, Ashley Doral Parker immediately demanded my co-defendant to swear to her that he was telling her the truth. My co-defendant swore to Correctioner Sheriff Whatley that his statement was a true testimony. I then asked Ms. Whatley to come to court and give open-court testimony to his confession because I had a good life finally going for myself. She immediately declined from my request. She informed me that her employers prohibited her from getting involved in any legal court proceedings of St. Clair County Jail Inmates; and that if she did, then she would immediately be fired from her job. I informed Ms. Whatley that she was a trained eye-witness to a confession statement. Therefore she is held liable. She rejected my attempt once again. She informed me that she was very sorry, but what I was asking her to do was throw away her job. I informed her that if she did not come to court that I stood a chance on being kicked out of the U.S. Army Alabama National Guard, loose all of my Federal Student Aid for College, and

(3C)

lose my enrollment as a full-time student at Lawson State Community College. Once again-yet still she declined to give open court testimony. I informed Ms. Whatley that if such charge remained on my record for more than 30-days, that my previouse record expungement will have resurfaced in the Alabama Unified Judicial Data System. Ms. Whatley informed me that she was sorry I got caught-up like this.

The weekend was spent in the St. Clair Co. Jail. That following Monday and or Tuesday evening my Staff Sgt. sent one of his specialists to get me out of St. Clair County and explain such disposition to him. My Staff Sgt. at that time was Charles E. Coney who has since, been retired from his dutty of service. I resumed my daily assistance with physically preparing all enlisted persons to past the MEPS test examinations and ASVAB Testing. I forgot about my court-date. I was notified by a fellow Guard member who is a police officer for the Birmingham Police, that a warrant was out for my arrest for a failure to appear. Upon being arrested some time later in Birmingham Alabama where I turned myself in, I was brought back to the Co. Jail in St. Clair County Alabama. I was forced to sit in the County Jail 112 days short of 1 year and one day. By such time, my wife lost her apartment, and her and my kids had to stay with relatives of hers for some time.

(3-D)

After sitting in the St. Clair County Jail for some months short of my actual release, my court appointed attorney Mr. James Finley came to the St. Clair County Jail and visited me. I informed him of all of the foregoing information except such information concerning Sheriff Correctioner Ms. Whatley. Mr. James Finley checked my N.C.I.C. and found the record was clearly displayed. I already had obtained a copy of the N.C.I.C. report from Army Store-Front, and the details of such charges and convictions I previously had expunged from my record.

On date of my conviction and sentence I asked my court-appointed attorney to get a copy of my college transcript from Lawson State Community College, and that he could get a copy of my Military discharge order dated June of 2006, Uncharacterized discharge. Mr. Finley stated that he couldn't find anything on me being in the Military. I told him that it's probably because he didn't know where to look, or I was pushed to Inactive National Guard Status (ING Status). I asked him did he get a copy of my college transcript? He said that he could not find anything.

I asked Mr. Finley these things because I wanted to show proof that I was doing good for myself, with a good family of my own. Mr. Finley told me instead, that I could enter a guilty plea and be home with my wife and kids in 112 days, or I could not enter such a plea, we could go to court 14 to 18 months later and beat the case. I asked him why so-long? Mr. Finley stated that St. Clair County is just slow

(3-E)

Like that. Being that I did not want my wife and children staying on the streets and in some shelter because I've been abscent for too-long, I went ahead and enterd a guilty plea that day. Based on what my court-appointed counsel told me about the extent of time that would likely have lapsed on a plea of not guilty, I with-held confession of Sheriff Correctioner Whatley giving ear to my co-defendants confession, and I also with-held the fact that my co-defendants confession to Correctioner Whatley confuted the statement the assistant prosecuter informed the court he gave at time of arrest. I was sentenced the same hour of my notice of intent to plead guilty. I was immediately given a evidentiary hearinco, and sentenced to 10 years split to serve out 112 days on the complete term of 1 year and a day in the Alabama Department of Corrections.

The Evidentiary hearinco revealed only my co-defendants statement, and a phone-call of speculation of suspicious looks on such a late night. I was orderd to pay over $700.00 in probation fee and court cost. However! due to such conviction I am totally indigent, medical debt., Mental Health problems, Lack of proper medical treatment, homeless etc. The only time I swore in this whole string of events is when I gave my statement at arrest.

(3-F)

My co-defendant was a foreigner from Jarusalem over seas. Arresting officers did not ask him for his Green Card or his immigration papers. He was only asked for proper state identification.

However! His callouse statements were fast to them because ordinarily he seems to be a swift with speech. SGT. Mat Cone of the Ashville Police Department and Sheriff Deputies did not find my co-defendant with any drivers liscense or photo-identification at time of stop, search, question and arrest. But due to such charge and felony conviction, I was given an uncharacterized discharge from the U.S. Army. My file was chopped down to the delayed entry program. I was placed on Inactive National Guard Status, (ING) for the Middle of March until June 2006, where I was Issued an Uncharacterized discharge order. I've notified my sentencing Judge, the Arresting Officer SGT. Mat Cone, the Chief Jailer Terry Marcum; yet nothing has become of my construct prisoner Grevience that says that any charge and or conviction would be dismissed. My only alternative is this claim.

(3-G)

Because of my poverty I suffer Undue Hardship; such yet unintended consequences have jeopardize the welfare and Industrious capabilites of me and my family And so-therefore, I am not able to pay another $5000 for an Attorney to expunge my record and or seal it for purpose of U.S. Army Re-enlistment.

## V. RELIEF

State briefly **exactly** what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

1) dismiss and earase Felony charge and my conviction in such matters therein.
2.) Award the plaintiff 1 Valid State photo Drivers liscense
3.) Compensate the plaintiff his victims compensation in the amount of $2000 Dollars for clothing, food, and Lodge.

"I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 02, 2008.

_Ashley Doral Parker_

Signature(s)

4